UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

CADLEROCK JOINT VENTURE, L.P.,        :

                    Plaintiff,        :
                                          09 Civ. 9970 (WHP)(HBP)
     -against-                        :
                                          OPINION
DONALD MACPHERSON,                    :   AND ORDER

                    Defendant.        :

-----------------------------------X

          PITMAN, United States Magistrate Judge:


          I write to resolve the issue left open at the confer-

ence held in this matter on March 17, 2011, namely, whether

defendant's privilege objection to the subpoena duces tecum

previously served on him has already been rejected by the Honor-

able William H. Pauley, III, United States District Judge.

          This an action to enforce a note made by defendant in

connection with defendant's purchase of real property located in

Suffolk County, New York.  Plaintiff's motion for summary judg-

ment was granted by Judge Pauley, and on June 17, 2010 judgment

was entered in favor of plaintiff in the amount of $240,918.53

(Docket Item 22).  The current dispute arises out of plaintiff's

efforts to locate defendant's assets and collect the judgment.

          As part of its enforcement efforts, plaintiff served a

subpoena on defendant seeking both testimony and documents.  The

subpoena seeks 63 separate categories of documents including

defendants' birth certificate, driver's license, passports,

credit card statements, tax returns, etc.  To date, defendant has

not appeared for his deposition, nor has he produced any docu-

ments.  Defendant has responded to almost every request for

documents with the following statement:

> I respectfully decline to produce any such documents on
> the grounds that being compelled to acknowledge the
> existence of such subpoenaed documents, the authentic-
> ity of such subpoenaed documents or the fact that the
> subpoenaed documents are in my possession would violate
> my Fifth Amendment privileges against self incrimina-
> tion.

MacPherson's invocation of the Fifth Amendment is apparently

based on the fact that MacPherson and others are currently facing

felony larceny and fraud charges in Suffolk County, New York

arising out of their alleged participation in a multi-year

mortgage fraud scheme which is alleged to have netted the con-

spirators tens of millions of dollars.  MacPherson has denied the

charges and is currently awaiting trial.

There are two questions currently before me:  (1) does

MacPherson's invocation of the Fifth Amendment survive Judge

Pauley's November 17, 2010 decision denying MacPherson's motion

to quash plaintiff's subpoena and (2) if the answer to the first

question is yes, has the privilege been properly invoked.

Contrary to plaintiff's assertion, Judge Pauley's November 17, 2010 ruling clearly did not address the merits of plaintiff's invocation of the Fifth Amendment.  Judge Pauley's oral ruling provided:

> I have reviewed the parties' papers, [and] consid-ered their arguments.  Before this Court is the defen-dant MacPherson's motion to quash Cadlerock Joint Venture LP's subpoena dated September 28, 2010.  The subpoena seeks 63 categories of documents and requires MacPherson to appear for a deposition.  MacPherson is currently awaiting trial in Suffolk County on a 90 count indictment related to an alleged mortgage fraud scheme.  He argues that compliance with any portion of the subpoena, save for producing a copy of his driver's license, would violate his Fifth Amendment privilege against self-incrimination.
>
> Under the Fifth Amendment, a witness in a civil case cannot be compelled to provide testimony that would furnish "a link in the chain of evidence" needed to prosecute the witness for a crime.  Malloy v. Hogan, 378 U.S. 1, 11 (1964) . . . .  However, "the general reasonableness of a fear of potential self-incrimina-tion does not justify a refusal to answer any and all questions.  The appropriateness of assertions of privi-lege must be determined on a question-by-question basis," so says Judge Lynch in Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 00 Civ. 7532 (GEL), 2004 WL 1418201 at *2 (S.D.N.Y. June 23, 2004).  See also Wright & Miller, 8 Federal Practice & Procedure, Sec-tion 2018.  The commentators are in agreement with Judge Lynch.  Likewise, "a motion to quash a subpoena duces tecum will not be granted unless it is clear that every item requested would be incriminating.  Instead, the witness must bring his records to the deposition and then claim the Fifth Amendment privilege for each document."  Moll v. U.S. Life Title Insurance Company of New York, 113 F.R.D. 625, 629, n.2 (S.D.N.Y. 1987).
>
> MacPherson has failed to offer any specifics about how the Fifth Amendment privilege would apply to any

specific question.  Accordingly, his motion to quash the September 28 subpoena is denied.  <u>However, MacPherson may raise any Fifth Amendment objections on a question-by-question basis at the deposition</u>.  This constitutes the ruling of the court.

(Transcript of Proceedings dated November 17, 2010, at 9-10 (emphasis added)).  The underscored language clearly demonstrates that Judge Pauley was not ruling on the validity of any particular assertion of privilege.

Nevertheless, it does not appear that privilege has been properly invoked.  Although there is a limited privilege that may attach to the production of certain types of documents, as Judge Pauley noted, that privilege cannot be validly claimed on a blanket basis.  <u>United States v. Whitehouse</u>, No. 3:10cv1739 (MRK), 2010 WL 4876295 at *3 (D. Conn. Nov. 19, 2010) (collecting cases); <u>Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.</u>, 00 Civ. 7352 (GEL), 2004 WL 1418201 at *2 (S.D.N.Y. June 23, 2004) (Lynch, D.J.).  The simple expedient of repeating the same objection over and over again is no less a blanket assertion of the privilege than a single assertion of the privilege in response to all the document requests.  Moreover, some of the documents requested by plaintiff do not appear to enjoy the act of production privilege.  <u>See</u> <u>United States v. Whitehouse</u>, <u>supra</u>, 2010 WL 4876295 at *3 (discussing the required record exception to the act of production privilege and noting that tax returns

4

and related documents have repeatedly been held to be outside of
the privilege).

Accordingly, defendant is to appear for the deposition
requested by plaintiff on a mutually convenient date, said date
to be no later than May 27, 2011. Defendant is directed to bring
with him all the documents requested by plaintiff. If defendant
objects to producing any documents on the theory that the act of
production would tend to incriminate defendant, defendant's
counsel should be prepared to explain (in hypothetical terms, if
necessary) how production of the document would tend to incrimi-
nate defendant. If the explanation itself would tend to incrimi-
nate defendant, defendant is to note that fact on the record and,
at the conclusion of the deposition, request leave to offer an
explanation for the invocation of the privilege in camera. See
Fisher v. Comm'r of Internal Revenue, 905 F.2d 645, 650-51 (2d
Cir. 1990)

Dated:  New York, New York
        May 4, 2011

                                SO ORDERED

                                HENRY PITMAN
                                United States Magistrate Judge

Copies transmitted to:

Steven P. Giordano, Esq.
Vlock & Associates, P.C.
230 Park Avenue
New York, New York  10169

Irwin Popkin, Esq.
445 Hollow Road
Melville, New York  11757